CAROLINE D. CIRAOLO
Acting Assistant Attorney General

LYNNE M. MURPHY (LA 20465; DC 485928)
WILLIAM E. FARRIOR (OK 22137)
Trial Attorneys
   United States Department of Justice, Tax Division
   P.O. Box 14198, Ben Franklin Station
   Washington, D.C.  20044
   Telephone:  (202) 514-5881 (LMM)
                  (202) 616-1908 (WEF)
   Facsimile:  (202) 514-9868
   E-mail:      Lynne.M.Murphy@usdoj.gov
                    William.E.Farrior@usdoj.gov

*Of Counsel*:

BRIAN STRETCH
United States Attorney
THOMAS MOORE (ALBN4305 O78T)
Assistant United States Attorney
Chief, Tax Division
   11th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
   San Francisco, California  94102
   Telephone:  (415) 436-7017
   E-mail:      Tom.Moore@usdoj.gov

*Attorneys for the Plaintiff United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                                      ) | Case No. |
|       Plaintiff,                  ) | |
|                                      ) | **COMPLAINT** |
|       v.                          ) | |
|                                    ) | |
| ASHVIN DESAI,                       ) | |
|                                    ) | |
|       Defendant.                ) | |

COMPLAINT

The plaintiff, United States of America, through its undersigned counsel, complains and alleges the following:

### Introduction

**1.** This civil action is brought by the United States to recover unpaid civil penalties assessed against defendant, Ashvin Desai ("Desai"), for his willful failure to report his interest in certain foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations ("FBAR penalty"), plus interest, failure to pay penalties and other additional amounts, such as administrative costs, that have accrued and continue to accrue, as provided by law, from the date of assessment until paid.

### Authorization for Suit

**2.** The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C), and in accordance with 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Internal Revenue Service ("IRS"), Office of Division Counsel, a delegate of the Secretary of the Treasury of the United States.

### Jurisdiction and Venue

**3.** The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because it arises under a federal statute, the United States is the plaintiff, and the action seeks to recover civil penalties assessed under 31 U.S.C. § 5321(a)(5).

**4.** Venue is proper in this judicial district under 28 U.S.C. § 1395(a) because this district is where Desai may be found. Desai resides in San Jose, California.

### Intradistrict Assignment

**5.** Pursuant to Civil L.R. 3-5(b) and 3-2(e), assignment to the San Jose Division is appropriate because Desai is domiciled in Santa Clara County.

COMPLAINT

**Desai Willfully Failed To Report**
**His Interest in Certain Foreign Bank Accounts**

**6.** Section 5314 of Title 31 of the United States Code (U.S.C.) authorizes the Secretary of the Treasury to require United States citizens or residents ("U.S. persons") to file reports when they make a transaction or maintain a relationship for any person with a foreign financial agency.  See 31 U.S.C. § 5314(a).

**7.** Under the implementing regulations of the statute, 31 U.S.C. § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS "for each year in which such relationship exists . . . [on] a reporting form prescribed under 31 U.S.C. § 5314." See 31 C.F.R. § 1010.350(a) (formerly, 31 C.F.R. § 103.24(a) (2010)).

**8.** To fulfill the reporting requirement imposed under 31 U.S.C. § 5314 for the calendar years 2007, 2008 and 2009, a U.S. person who had a financial interest in, or signature or other authority over, a foreign bank, securities, or other financial account was required to report that interest to the IRS by filing a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," by June 30 of the year following any calendar year in which the aggregate balance of such account(s) exceeded, at any time during that calendar year, $10,000.  See 31 C.F.R. §§ 1010.306(c) and 1010.350(a) (formerly, 31 C.F.R. §§ 103.24(a) and 103.27(c) (2010)).

**9.** Desai is a United States citizen.

**10.** The Hongkong and Shanghai Banking Corporation Limited ("HSBC") is one of the largest international banks, and maintains offices throughout the world, including India.

3

COMPLAINT

11.     During 2007 through 2009, Desai, a manufacturer of medical devices, had a financial interest in, and signature or other authority over, several bank accounts maintained at HSBC India.

12.     During the relevant periods, Desai arranged for the deposit and transfer of funds, in the millions of dollars, to the following accounts that were maintained at HSBC India in his name and/or the names of his family members, and he actively managed and controlled the funds, including, *inter alia*, directing their investment in numerous certificates of deposit that were maintained at HSBC India in his name and/or the names of his family members (collectively, the "HSBC India accounts"):

| Accountholder(s) | Account Number |
|---|---|
| Ashvin Desai<br>Neal Desai | xxx-xx3679 |
| Nila Desai<br>Ami Desai | xxx-xx6895 |
| Neal Desai | xxx-xx9689 |
| Ami Desai | xxx-xx5163 |

13.     The aggregate balance of the HSBC India accounts exceeded $10,000 in each of the calendar years 2007, 2008 and 2009.

14.     On or before June 30, 2008, 2009 and 2010, Desai was required to file an FBAR, reporting his financial interest in, and signature or other authority over, the HSBC India accounts during 2007, 2008 and 2009, respectively.

15.     Desai did not file an FBAR for 2007, 2008 or 2009.

4

COMPLAINT

**16.** During the years 2007 through 2009, the funds in the HSBC India accounts generated income primarily from their investment in numerous certificates of deposit.

**17.** Desai did not report his income from, or disclose his interest in, the HSBC India accounts on the federal income tax returns ("Forms 1040") that he filed for 2007, 2008 and 2009.

**18.** On Schedule B of Desai's Forms 1040 filed for 2007, 2008 and 2009, he answered *"no"* to the question asking whether he had "an interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account."

**19.** The Schedule B filed with Desai's Forms 1040 for the calendar years 2007, 2008 and 2009 directed Desai to consult the instructions of Form TD F 90-22.1 in order that he could determine if the FBAR filing requirements applied to him for those calendar years.

**20.** On November 16, 2011, Desai was indicted on three counts of failing to file a report of foreign bank and financial accounts, in violation of 31 U.S.C. §§ 5314 and 5322, for 2007 through 2009; three counts of attempting to evade or defeat tax, in violation of 26 U.S.C. § 7201, for 2007 through 2009; and two counts of aiding in the preparation of false tax returns for his two adult children, in violation of 26 U.S.C. § 7206(2), for 2009.  See United States v. Desai, Case No. 11-cr-00846 (N.D. Cal.), at ECF No. 1.

**21.** A superseding indictment was filed on November 28, 2012, charging Desai with the same eight counts set forth in paragraph 20, above.  See Desai, Case No. 11-cr-00846, at ECF No. 31.

**22.** On October 2, 2013, a jury found Desai guilty of all eight counts charged in the superseding indictment described in paragraph 21, above.  See Desai, Case No. 11-cr-00846, at ECF No. 256.

5

COMPLAINT

1    23.     On July 11, 2014, this Court entered judgment against Desai, adjudicating him

2  guilty of eight offenses, including three offenses for failing to file a report of foreign bank and

3  financial accounts, in violation of 31 U.S.C. §§ 5314 and 5322, for the calendar years 2007, 2008

4  and 2009.  See Desai, Case No. 11-cr-00846, at ECF No. 288.

5    24.     As reflected in the judgment entered by this Court against Desai in the criminal

6  case, above, and for the reasons described in paragraphs 6-23, above, Desai knew that he had a

7  legal duty to file an FBAR, reporting his interest in the HSBC India accounts for the calendar

8  years 2007, 2008 and 2009, and despite having that knowledge, he willfully failed to file FBAR

9  reports for each of those calendar years.

## Claim for Relief

11    25.     Section 5321(a)(5) of Title 31 U.S.C. provides for the imposition of civil penalties

12  on any person who fails to comply with the FBAR reporting requirements under 31 U.S.C.

13  § 5314.

14    26.     In the case of any person who willfully violates the FBAR reporting requirements,

15  *inter alia*, by failing to file an FBAR report that discloses the existence of a foreign bank account

16  or any identifying information required to be disclosed with regard to said account, the

17  maximum amount of the penalty that may be assessed for such violation is the greater of:

18  (i) $100,000; or (ii) 50% of the balance in the account at the time of the violation.  See 31 U.S.C.

19  § 5321(a)(5)(C), (D).

20    27.     Because Desai willfully failed to file FBAR reports, disclosing his interest in the

21  HSBC India accounts during 2007, 2008 and 2009, a delegate of the Secretary of the Treasury,

22  on June 25, 2014, assessed civil penalties against him under 31 U.S.C. § 5321(a)(5)(C), (D) in

6

COMPLAINT

the following amounts for the following calendar years:

| Calendar Year | FBAR Penalty Assessments (Excluding Accruals) |
|---|---|
| 2007 | $ 3,881,920.00 |
| 2008 | 7,047,824.00 |
| 2009 | 3,300,000.00 |
| **Total FBAR Penalty Assessments *(Excluding Accruals)*** | **$ 14,229,744.00** |

28. On June 25, 2014, a delegate of the Secretary of the Treasury gave notice of the FBAR penalty assessments described in paragraph 27, above, to Desai and made demand for their payment.

29. Although notice of the assessments has been given and demand for their payment has been made, Desai has failed and refused to pay the FBAR penalties assessed against him for 2007, 2008 and 2009. As a result, interest and failure to pay penalties have accrued since June 25, 2014.

30. As of May 24, 2016, Desai is indebted to the United States in the amount of $16,055,439.64 for the civil penalties assessed against him under 31 U.S.C. § 5321(a)(5), including the accrual of interest and failure to pay penalties under 31 U.S.C. § 3717, for the calendar years 2007, 2008 and 2009, plus interest, failure to pay penalties, and other additional amounts, such as administrative costs, that have accrued and continue to accrue, as provided by law, from May 24, 2016 to the date of payment.

31. The United States is entitled to entry of a judgment against Desai in the amount of $16,055,439.64, plus interest, failure to pay penalties, and other additional amounts, such as

administrative costs, that have accrued and continue to accrue, as provided by law, from May 24, 2016 until paid.

**WHEREFORE**, the plaintiff, United States of America, requests the following relief:

a. That this Court enter judgment against the defendant, Ashvin Desai, and in favor of the plaintiff, United States of America, in the amount of $16,055,439.64 for the civil penalties assessed against him under 31 U.S.C. § 5321(a)(5), including the accrual of interest and failure to pay penalties under 31 U.S.C. § 3717, for the calendar years 2007, 2008 and 2009, plus interest, failure to pay penalties and other additional amounts, such as administrative costs, that have accrued and continue to accrue, as provided by law, from May 24, 2016 until the judgment is paid.

b. That this Court award the United States its costs in this action, and such other and further relief as justice requires.

Respectfully submitted this 20th day of June, 2016.

CAROLINE D. CIRAOLO
Acting Assistant Attorney General


/s/ Lynne M. Murphy
LYNNE M. MURPHY (LA 20465; DC 485928)
WILLIAM E. FARRIOR (OK 22137)
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-5881 (LMM)
                      (202) 616-1908 (WEF)
Facsimile:   (202) 514-9868
E-mail:        Lynne.M.Murphy@usdoj.gov
                      William.E.Farrior@usdoj.gov

COMPLAINT

8

OF COUNSEL:

BRIAN STRETCH
United States Attorney

THOMAS MOORE (ALBN4305 O78T)
Assistant United States Attorney
Chief, Tax Division
11th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
Telephone:  (415) 436-7017
E-mail:       Tom.Moore@usdoj.gov

COMPLAINT

9